UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEAN JAMES WALTER,

                Petitioner,                          Case No. 1:06-cv-751

v.                                             Honorable Gordon J. Quist

DOUG VASBINDER,

                Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

Dockets.Justia.com

**Discussion**

I.      Factual allegations

Petitioner is incarcerated in the G. Robert Cotton Correctional Facility. Petitioner pleaded guilty in the St. Joseph County Circuit Court to one count of armed robbery in two separate cases. At the sentencing hearing on April 26, 2004, the prosecutor argued that Petitioner should be scored 50 points for "aggravated physical abuse" under Offense Variable 7 (OV 7). The trial court agreed with the prosecutor and changed the score for OV 7 from zero to fifty. The trial court subsequently sentenced Petitioner to imprisonment of fifteen to seventy years (Case No. 03404937-FC) and eleven years and three months to seventy years (Case No. 03411920-FC), respectively. Petitioner moved for reconsideration of his sentence, claiming that the trial court erred in scoring fifty points for OV 7 and in scoring fifteen points for "victim asportation or captivity" under OV 8. With regard to OV 7, which is the subject of the instant petition, Petitioner argued that his conduct did not rise to the level of "aggravated physical abuse" as defined under Michigan law. *See* MICH. COMP. LAWS § 777.37 (Offense variable 7, scoring). The trial court denied Petitioner's motion in an opinion and order issued on December 22, 2004.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following claims:[1]

I.      DID THE TRIAL COURT ERR WHEN IT SCORED 50 POINTS FOR OFFENSE VARIABLE SEVEN; "AGGRAVATED PHYSICAL ABUSE?"

II.     DID THE TRIAL COURT ERR WHEN IT SCORED 15 POINTS FOR OFFENSE VARIABLE EIGHT; "VICTIM ASPORTATION OR CAPTIVITY?"

---

[1]Petitioner provided the Court with copies of his briefs before the Michigan Court of Appeals and the Michigan Supreme Court.

In the Michigan Court of Appeals, Petitioner argued that the trial court misapplied state law in scoring OV 7. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on May 11, 2005, for lack of merit in the grounds presented.

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court raising the following ground for relief:

I.    DID THE TRIAL COURT MISAPPLY MCL 777.37 WHEN IT FOUND THAT THE DEFENDANT/APPELLANT TERRORIZED THE VICTIM, WHERE THE STATUTE DOES NOT CONTAIN TERRORIZE AS AN ELEMENT TO BE CONSIDERED IN SCORING OV 7?

Petitioner continued to argue in the Michigan Supreme Court that the trial court misapplied state law, but also claimed that the trial court's scoring of OV 7 violated the United States Supreme Court's decision in *U.S. v. Booker*, 125 S. Ct. 738 (2005). On October 31, 2005, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the question should be reviewed by the court.

Petitioner now brings this habeas corpus petition asserting the same claim he raised in the Michigan Supreme Court. In his supporting brief, Petitioner also raises for the first time federal claims attacking his plea agreement. Petitioner argues at length that the prosecution breached the plea agreement by arguing for the fifty point increase for OV 7 and that his plea was rendered involuntary because he was misinformed as the minimum and maximum sentences that he faced. (Br. in Support of Pet., 8-11, docket #2.)

II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner clearly alleged in both the Michigan Court of Appeals and the Michigan Supreme Court that the trial court misapplied state law in scoring OV 7. Accordingly, that claim is exhausted. Petitioner, however, failed to properly exhaust his *Booker* claim because he raised it for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-

2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL

1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir.

Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v.

Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669

(7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue,

it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied,

and, thus, the issue was not reviewed.

Moreover, Petitioner failed to exhaust his state court remedies with regard to his

federal claims attacking his guilty plea. Petitioner did not raise those claims in the Michigan Court

of Appeals or the Michigan Supreme Court. Rather, he raised them for the first time in his

application for habeas corpus relief.

An applicant has not exhausted available state remedies if he has the right under state

law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has

at least one available procedure by which to raise the issues he has presented in this application. He

may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one

such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his

one allotted motion. Therefore, Petitioner may raise his unexhausted claims in a motion for relief

from judgment.

Because Petitioner appears to have some claims that are exhausted and some that are

not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509

(1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when

the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district

court should dismiss only the unexhausted claims and stay further proceedings on the remaining

portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated

that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction

relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return

to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125

S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding

requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for

failure to exhaust). The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's application is subject to the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and

Michigan Supreme Court. The Michigan Supreme Court denied his application on October 31,

2005. Petitioner did not petition for certiorari to the United States Supreme Court, though the

ninety-day period in which he could have sought review in the United States Supreme Court is

counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The

ninety-day period expired on January 30, 2006. Accordingly, Petitioner has one year, until January

30, 2007, in which to file his habeas petition.

Because Petitioner has more than sixty days remaining in the limitations period, he

is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state

court remedies.  Therefore, a stay of these proceedings is not warranted.  Alternatively, Petitioner

may file a new petition at any time before the expiration of the limitations period raising only his

exhausted claims.

### Conclusion

In light of the foregoing, the Court will dismiss Petitioner's application pursuant to

Rule 4 because he has failed to exhaust his state court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit

that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865

F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas

action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir.

1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: October 26, 2006                                  /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE